## THE PEOPLE *v.* BLANCO.

### Appeal from the District Court of San Juan, Section 2.

#### No. 496.—Decided December 20, 1912.

CRIMINAL LAW—INSUFFICIENT INFORMATION—SANITARY REGULATIONS—RAT-PROOF HOUSES.—The information charged the owner of a house with non-compliance with the order of the Director of Sanitation to make the following repairs to his house: ''To lay concrete floors; to coat the walls with a layer of concrete 4 inches thick from 2 feet below the surface to 4 feet above it; to make the courtyard (*patio*) rat-proof by surrounding it at the level of the ground floor by a galvanized iron protection 2 feet wide imbedded in the walls, through which all drain pipes, electric light wires, etc., shall pass.'' This information is insufficient because it is not stated therein whether the house is used as a dwelling and has a wooden lower floor, thus becoming subject to section 2 of Sanitary Regulation No. 3, approved by the Executive Council on July 11, 1912, or whether it is a building used for any of the purposes specified in section 7 of said Regulation, which is subject also to the rules prescribed for dwellings and buildings and, in the proper case, to the indispensable condition of having concrete or cement floors if it is a market, pier, warehouse or storehouse for provisions.

ID.—SANITARY REGULATIONS—RAT-PROOF HOUSES—DWELLING HOUSES.—If the defendant's house is used as a dwelling and the floor of the ground story is of wood it cannot be subject to any of the repairs ordered by the Director of Sanitation, as is shown by section 2 of Sanitary Regulation No. 3 already cited.

ID.—SANITARY REGULATIONS—INFORMATION—PROVISION DEPOT OR WAREHOUSE—BUILDINGS ALREADY CONSTRUCTED.—If the building in question is devoted to any of the purposes specified in section 7 of the aforesaid Sanitary Regulation No. 3—and this does not so appear from the information—it would unquestionably be subject to the requirement of having concrete floors if it were a warehouse or storehouse of provisions for it is not a market or pier; but the owner could not be required ''to coat the walls with a layer of concrete 4 inches thick from 2 feet below the surface to 4 feet above it and to make the courtyard (*patio*) rat-proof by surrounding it at the level of the ground floor by a galvanized iron protection 2 feet wide imbedded in the walls, through which all drain pipes, electric light wires, etc., shall pass.''

The facts are stated in the opinion.

*Mr. Miguel Guerra* for appellant.

*Mr. Charles E. Foote, fiscal,* for The People.

MR. CHIEF JUSTICE HERNANDEZ delivered the opinion of the court.

This is an appeal taken by the defendant, Enrique Blanco, from a judgment rendered by the District Court of San Juan, Section 2, on October 7 of the current year, sentencing Blanco for a violation of Sanitary Regulation No. 3 to a fine of $75 or, in default thereof, to one day's imprisonment for each dollar unpaid, without costs.

The case originated by virtue of an information filed by the *fiscal* of said district against Enrique Blanco which, in substance, reads as follows:

"The said Enrique Blanco on or about August 12, 1912, in San Juan, and within the judicial district thereof, was served by Sanitary Inspector J. Fonfrías with an order issued by the Director of Sanitation, requiring him to make within a period of 15 days, to be counted from the date of the notice, the following improvements to a house belonging to him situated at No. 38 Tetuan Street, and marked by the Sanitation Service with the number 37, district 19: To lay concrete floors; to cover the walls with a layer of cement four inches thick, two feet deep, and four feet high; to make the *patio* rat-proof by placing all around it and at the level of the ground floor a protection two feet wide or corrugated iron imbedded in the wall, over which shall be laid all drainage pipes, electric-lighting wires, etc. And the said Enrique Blanco illegally and maliciously allowed the said period to elapse without having made any of the aforesaid improvements, all of which is contrary to the law for such case made and provided and against the peace and dignity of The People of Porto Rico."

Upon the defendant pleading not guilty, his attorney demurred to the information on the ground that it did not allege facts sufficient to constitute a public offense, which demurrer was overruled by the court and both the *fiscal* and the attorney for appellant in their arguments before this court contended that the demurrer should be sustained.

Let us examine the said demurrer in the light of the pertinent legal provisions contained in Sanitary Regulation No. 3 governing the rat-proofing of buildings and out-

houses in the Island of Porto Rico prescribed by the Insular Board of Health and approved by the Executive Council on July 11, 1912, and promulgated by the Governor on July 15, 1912.

Sections 2, 7, 11 and 12 of said Regulation read as follows:

"Section 2. In houses and buildings already constructed the following rules shall be observed:

"Dwelling houses which have the floor of the lower story of wood shall be made rat-proof by (1) raising the floor to a height of at least two feet from the ground with all underpinning free, or (2) shall have all space beneath flooring made rat-proof by a foundation wall of stone or concrete extending below surface of ground to depth of two feet and fitting flush with the floor of house. All decayed wood must be replaced.

"Sec. 7. Every building intended for a market, warehouse, storehouse, bakery, macaroni factory, distillery, pastry shops, stores, groceries, wine cellars, piers, hotels, cafés, restaurants, eating houses, and booths shall be subject to the rules prescribed for dwelling houses and buildings: *Provided, notwithstanding,* That markets, piers, warehouses, and any storehouse of provisions must necessarily have the floor of concrete or plaster, and further:

\*          \*          \*          \*          \*          \*          \*

"Sec. 11. These conditions must be fulfilled within a period of time which the Director of Sanitation in each case shall fix in accordance with the importance of the work and the means to be obtained in that locality.

"Sec. 12. Every infraction of any of the rules set forth in these regulations shall be punished with a maximum fine of one hundred dollars   \*   \*   \*."

According to the information, the appellant was served by an inspector of sanitation with the order issued by the Director of Sanitation requiring him to make the improvements specifically set forth in the information, which does not show whether the house in question is a dwelling house and has the floor of the lower story of wood so that it may fall within the provisions of section 2 above transcribed, or whether it is a building intended for any of the purposes specified in

section 7 in order that it may be subject to the rules prescribed for dwelling houses and buildings, or to the necessary requirement of having a concrete or cement floor, or if the building is used for a market, pier, warehouse, or any other storehouse of provisions.

Owing to the omission observed in the information, the same does not contain all the elements necessary by which the facts may be said to constitute a violation of Sanitary Regulation No. 3, for if the house of the defendant is used as a dwelling house and has the floor of the lower story of wood, it cannot be subject to any of the improvements required by the Director of Sanitation, as may be seen by the section of the regulation alleged to have been violated; and if the building in question is devoted to any of the purposes specifically mentioned in section 7 of said regulation, which does not appear from the information, then it would unquestionably be subject to the requirements of necessarily having the floors of the same of concrete if the same were a warehouse or storehouse of provisions, as it could neither be a market or a pier, but its owner could never be required to cover the walls with a layer of concrete 4 inches thick, 2 feet deep, and 4 feet high, and to rat-proof the *patio* by placing around it and at the level of the ground floor an iron protection 2 feet wide imbedded in the wall, over which shall be laid all the drainage pipes, electric-lighting wires, etc. Such improvements are not authorized by Sanitary Regulation No. 3 with reference to houses and buildings already constructed, as shown by section 7 in connection with section 2 of said regulation.

Taking into consideration the wording of the information, section 1 is not applicable to the case at bar. We find, therefore, that the information does not show that the order of the Director of Sanitation, which the defendant has failed to obey, was issued within the powers conferred upon the said director for the enforcement of Sanitary Regulation No. 3; and this being the case it cannot be said that the information

alleges a justifiable violation of any of the rules contained in the Sanitary Regulation No. 3.

If the order issued by the Director of Sanitation was illegal, and therefore void, the appellant was not obliged to comply with it, and the violation thereof cannot constitute a punishable offense.

For the foregoing reasons we are of the opinion that the judgment appealed from should be reversed.

Reversed.

Justices MacLeary, del Toro and Aldrey concurred.

Mr. Justice Wolf signed stating that he concurred in the judgment.